**TEXAS HEALTH FACILITIES COMMISSION, Appellant,**

v.

**WEST TEXAS HOME HEALTH AGENCY, Appellee.**

No. 6063.

Court of Civil Appeals of Texas, Waco.

Sept. 27, 1979.

John L. Hill, Atty. Gen., David Kendall, First Asst. Atty. Gen., Robert S. Bickerstaff, Jr., Carla J. Cox, Asst. Attys. Gen., Austin, for appellant.

Aubrey J. Fouts, Key, Carr, Evans & Fouts, Lubbock, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by the Texas Health Facilities Commission (hereafter referred to

as the Commission) from judgment of the trial court, reversing and setting aside an order of the Commission, ordering West Texas Home Health Agency (hereafter referred to as Health Agency), to "CEASE and DESIST" the operation of "consultation offices and/or work rooms" located in Brady, Junction, New Braunfels, Brownwood, Wheeler and Graham, within 30 days of the date of the order.

The Commission administers portions of the Texas Health Planning and Development Act; (Article 4418h VATS); Health Agency provides home health care in some 150 Texas counties.

In January 1977 Mrs. Betty J. Girling of Girling and Associates Home Health Care Services, Inc. complained to the Commission that Health Agency was operating "work rooms" in several towns in violation of the Health Planning and Development Act (Article 4418h VATS) in not having first obtained proper certification from the Commission.

The Commission ordered Health Agency to "show cause why it should not be found in violation" of Article 4418h.

After hearing the Commission entered its Administrative Order finding that Health Agency had established the six offices above mentioned and had not acquired a certificate of need or exemption certificate from the Commission; that establishment of such offices violated the Health Planning and Development Act in several particulars and ordered the Health Agency to cease and desist the operation of such offices within 30 days.

Health Agency filed this case for review of the Commission's order; asserted the Commission erred in finding violations of Article 4418h or of the Commission rules; and prayed the court set aside the order of the Commission.

The Commission answered by general denial; and that the case is governed by the substantial evidence review provisions of Article 6252–13a, Section 19; and prayed the Commission be sustained.

The Commission later filed plea to the jurisdiction of the court, asserting Health Agency had not exhausted its administrative remedies prior to filing suit in the court.

The trial court denied the Commission's plea to the jurisdiction; and after hearing rendered judgment reversing and setting aside the administrative order of the Commission. Such judgment held the Commission's order was not supported by substantial evidence, and that as a matter of law establishment of the six offices without first obtaining a certificate of need did not constitute a violation of Article 4418h VATS.

The Commission appeals on 3 points.

Point 1 contends the trial court lacked jurisdiction to consider Health Agency's appeal from the order of the Commission.

The Commission asserts the trial court erred in overruling its plea to the jurisdiction in that Health Agency had not exhausted its administrative remedies prior to filing suit in the court.

The proceeding before the Commission was a hearing in which Health Agency was required to "show cause" why it should not be found in violation of Article 4418h.

Section 1.04 of Article 4418h provides: "The Administrative Procedure and Texas Register Act applies to all proceedings under this Act except to the extent inconsistent with this Act".

Section 19(a) of the Administrative Procedure and Texas Register Act (Article 6252–13a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. This section is cumulative of other means of redress provided by Statute".

The "Cease and Desist" order the Commission issued after hearing on the "show cause" order was a final decision in a contested case, and the trial court had jurisdiction of the case.

■ The fact that Section 3.03 of Article 4418h which provides that an adverse "Declaratory Ruling" on application of a person describing a proposed project may not be appealed to the courts until after denial of a certificate of need does not preclude the trial court's jurisdiction of Health Agency's suit for judicial review of the Commission's "Cease and Desist" order in the "show cause" hearing.

Points 2 and 3 assert the trial court erred in holding the order of the Commission was affected by an error of law, and in holding the order of the Commission was not supported by substantial evidence.

The Order of the Commission found that establishment of the six offices by Health Agency constituted: 1) "expansion of services currently offered" by Health Agency; 2) "modification of existing facilities" of Health Agency; 3) "conversion of structures into health care facilities"; and 4) "Establishment of branch offices" of Health Agency.

Article 4418h Section 3.01 requires a certificate of need or an exemption from the Commission for Health Agency to:

1) "substantially expand a service currently offered"; 2) "modify an existing facility"; 3) "convert a structure into a health-care facility"; and the Commission pursuant to its rule making authority had determined that establishment of a branch office (4 above) constitutes an "expansion of services currently offered".

■ The work of Health Agency involves the delivery of nursing services to the home of home-bound patients under doctors' orders. Health Agency commenced operation in April 1969 and was operating in all of the counties in which the six "consultation offices and/or work rooms" here involved are located prior to May 28, 1975, the effective date of Article 4418h. Health Agency maintains five major administrative offices; plus five miniature administrative offices which are referred to as branches, all located over the area served. The six consultation offices here involved are in addition to the above. The offices in controversy were

opened: Brady on April 19, 1976; Junction on January 1, 1976; Brownwood on May 6, 1976; Wheeler on January 26, 1976; Graham on March 16, 1976; and New Braunfels on February 11, 1976. These offices involved no material or substantial change in the operation of Health Agency in the areas being served. These offices consisted of one room in which was located a table, chair and memory telephone (a remote telephone answering service). No medical or other records were kept in the office; no employee manned the office; and no treatment or health care functions were performed in the office. The function of the office was to serve as a contact point or place where the patient could make contact with Health Agency; there was no difference in the type service offered or rendered in areas where these offices were located after the offices were opened than before they were opened. The nurses who rendered service in the patient's homes could post their records in the office if so desired. In such situation Health Agency could not and did not "substantially expand a service currently offered". We note in this connection the Commission did not find a "substantial" expansion of service, but only an "expansion" of services which is insufficient to constitute a violation.

■ The Commission found a "modification" of "existing facilities" and a "conversion of structures into health care facilities". Section 1.03(9) of the Act defines "facilities" as "health care facilities" and cites "a home health agency", "hospitals", and various places where health treatment is accorded. The one room, non-manned contact offices established by Health Agency do not fit the definition of facilities above.

■ The Commission found that the offices here involved were branch offices of Health Agency and under the rules of the Commission constituted an expansion of service. This falls short of the requirement of the Statute that a finding "substantial" expansion of a service currently offered is required before Health Agency be required to obtain a certificate of need or an exemption certificate.

Moreover, the Rules of the Commission exempt a home health agency from obtaining a certificate for the addition of a substitute or branch office where the provider was already delivering home health service to the county prior to June 18, 1976, which was the case with Health Agency.

All the Commission's points are overruled and the judgment of the trial court is affirmed.